**2**

W. C. LINDER v. STATE. (No. 10823.)

Court of Criminal Appeals of Texas. March 30, 1927. Appeal from McLennan County Court; Jas. R. Jenkins, Judge. Morrow & Jones, of Waco, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction for misdemeanor swindling; punishment, one year in the county jail. The record is before us without any statement of facts or bills of exception. Two special charges were asked. One was an instruction of acquittal because of the insufficiency of the testimony; the other was given. Finding no error in the record, the judgment will be affirmed.

---

**3**

Fred McLERRAN v. STATE. (No. 10677.)

Court of Criminal Appeals of Texas. Feb. 16, 1927. Rehearing Denied March 30, 1927. Appeal from Milam County Court; Jeff T. Kemp, Judge. E. A. Wallace, of Cameron, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction of aggravated assault; punishment, a fine of $25. There are no bills of exception, and the only contention is that the evidence does not support the judgment. We are unable to agree with this proposition. A young woman, whose only point of attack by appellant is the fact that she was unfortunate enough to come from a family that did not seem to be of the best standing, testified positively that appellant made an assault upon her. He denied that fact, and introduced his wife and brother, neither of whom were present, but testified to facts which might be taken as corroborating the contention of appellant that he was not at the home of prosecutrix long enough for him to have made the assault as described by her. Conflicts in the testimony are for the jury, and in this case they have settled them adversely to the contention of appellant. We are not disposed to regard the case as one in which there are no facts, or such slight facts, as to evidence want of due consideration on the part of the jury. The judgment will be affirmed.

On Motion for Rehearing.

Through inadvertence we stated in our former opinion that the case was tried before a jury. The record shows that a jury was waived and the case tried before the court. We are not able to agree with appellant's contention that the facts do not justify the verdict and judgment. This was the only complaint. The motion for rehearing will be overruled.

---

**4**

A. C. MILLER v. STATE. (No. 10476.)

Court of Criminal Appeals of Texas. March 16, 1927. Appeal from District Court, Angelina County; C. A. Hodges, Judge. Collins & Collins and W. S. Poston, all of Lufkin, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for burglary; punishment fixed at confinement in the penitentiary for a period of four years. The only question brought forward for review is the sufficiency of the evidence, which is identical with that in the companion case of McGregory v. State (No. 10477) 291 S. W. 247, not yet [officially] reported, and upon the authority of which the judgment in the present case is ordered affirmed.